UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE CZAP,<br><br>      *Plaintiff*,<br><br>  v.<br><br>CENTURY WASTE SERVICES, LLC and MARC SAVINO,<br><br>      *Defendants*. | Index No.<br><br>**FLSA COMPLAINT** |

  Plaintiff LORRAINE CZAP, by and through her attorneys, alleges, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

  1. Plaintiff LORRAINE CZAP (referred to herein as "Plaintiff"), was employed by Defendants CENTURY WASTE SERVICES, LLC and MARC SAVINO (referred to herein as "Defendants") as a full-time, non-exempt hourly employee.

  2. Although Plaintiff regularly worked up to forty-five (45) hours in a workweek, Defendants never paid her overtime premiums for all hours worked in excess of forty (40) hours in a workweek. After she complained about not being paid for all time worked, Defendants retaliated against her by taking away some of her job responsibilities, and then several months later firing, her.

  3. Defendants' unlawful practices, in violation of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"), include, but are not limited to, their failure to pay Plaintiff overtime wages at not less than one and one-half (1-1/2) times her regular hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek and for illegal retaliation.

4. Plaintiff seeks unpaid wages, liquidated damages, back-pay and front-pay, emotional distress damages, punitive damages, pre-and post-judgment interest, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1367(a), in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that they form the same case or controversy under Article III of the United States Constitution.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business in, and accordingly reside in, this District. Venue is further proper because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## PARTIES

8. Plaintiff LORRAINE CZAP is an individual residing in Union County in the State of New Jersey. Plaintiff Czap was employed by Defendants from in or about September 2015 through February 2018.

9. Defendant CENTURY WASTE SERVICES, LLC is a New Jersey Corporation with its principal place of business located at 623 Dowd Avenue, Elizabeth, New Jersey, 07201.

10. Defendant MARC SAVINO is the owner, president, chief executive officer, manager and/or operator of Defendant Century Waste Services, LLC. Defendant Marc Savino has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

11. At all times relevant hereto, Defendant employed employees, including Plaintiff, who were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of §3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), and (s)(A)(i), and the NJWHL.

12. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

13. Defendants own, manage, and operate a waste management and/or waste hauling company.

14. Defendants paid Plaintiff as an hourly, non-exempt employee at a rate of $25.00 per hour.

15. Plaintiff was not an exempt employee under the FLSA or the NJWHL.

16. From in or about September 2015 until September 2017, Plaintiff's job duties included the following: answering calls for/and dispatching Defendants' drivers, taking calls from Defendants' customers, acquiring permits for Defendants, and making calls to collect money owed to Defendants. After Defendant took away most of her job duties in or about September 2017 until Defendants fired her in February 2018, Plaintiff's main job duty was making calls to collect money owed to Defendants.

17. Defendants assigned Plaintiff to work nine (9) hour shifts five days a week, on Monday through Friday, from 8:00 AM until 5:00 PM.

18. Defendants automatically deducted one-hour from each day's pay, allegedly for lunch/meal breaks.

19. From in or about September 2015 until August 2017, Plaintiff always worked through her entire shifts without lunch breaks.

20. Defendants paid Plaintiff on a weekly basis.

21. Throughout her employment with Defendants, from in or about September 2015 until August 2017, Plaintiff regularly worked well over forty (40) hours per week.

22. Despite her working well over forty (40) hours per week, Defendants failed to pay Plaintiff overtime premiums of one and one-half (1-1/2) times her regular rate of pay for each hour that she worked in excess of forty (40) in a workweek.

23. For example, for her workweek from January 20, 2016 to January 26, 2016, Defendants paid Plaintiff at her regular rate of pay – $25.00 per hour – for forty (40) hours worked. Defendants failed to pay Plaintiff for all of the forty-five (45) total hours she worked, and Defendants failed to pay Plaintiff an overtime premium of one and one-half (1-1/2) times her regular rate of pay for each hour she worked in excess of forty (40).

24. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid overtime premiums for all hours worked in excess of forty (40) hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and that it violated the FLSA and the NJWHL.

25. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiff.

26. In or about June 2017, Plaintiff complained to her supervisors/managers about Defendants' illegal pay practices. Specifically, Plaintiff told Defendants that she cannot continue to work without pay during her lunch breaks.

27. In retaliation for her complaints, in or about July 2017, Defendants started to train another employee to fulfill most of Plaintiff's job duties.

28. In or about August 2017, Plaintiff complained again about Defendants' illegal pay practices. Specifically, Plaintiff told Defendants that she cannot continue to work without pay during her lunch breaks.

29. After Plaintiff's complaints, Plaintiff's supervisors/managers told her that she could leave the office for, and not work during, her lunch breaks.

30. In retaliation for her complaints, in or about September 2017, Defendants limited Plaintiff's job duties so that she was prohibited from fulfilling all of her prior duties except for making calls to collect money owed by Defendants' customers.

31. In retaliation for her complaints, in or about September 2017, Defendants' assigned Plaintiff's duties to another employee.

32. Despite her considerable experience and positive feedback from Defendants, Defendants illegally terminated Plaintiff's employment in February 2018 in retaliation for Plaintiff's complaints about her having to work unpaid through her lunch breaks.

33. Plaintiff was devastated by her termination, and Plaintiff became anxious and depressed.

34. Despite her efforts to find another job Plaintiff has been unable to find comparable employment.

35. Plaintiff's career has been substantially damaged as a result of Defendants' illegal retaliation.

36. As a result of Defendants' actions, the injuries to Plaintiff have been continuous and oppressive and have been severely injurious to her. She has been embarrassed, humiliated, personally violated, suffered feelings of diminished self-esteem and depression, had her career path interrupted and has been hurt physically, emotionally and economically.

37. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth herein.

39. Plaintiff consents in writing to be parties to this action pursuant to 29 U.S.C. §216(b).

40. At all times relevant hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

41. At all times relevant hereto, Plaintiff regularly worked in excess of forty (40) hours per workweek.

42. Defendants failed to pay Plaintiff lawful overtime compensation for all of the hours she worked in excess of forty (40) hours in each workweek.

43. Plaintiff seeks damages in the amount of her respective unpaid overtime wages, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – NJWHL)

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

45. Defendants failed to pay Plaintiff the proper overtime rate for all hours worked in excess of forty (40) hours per week pursuant to N.J.S.A. § 34:11-56(a) *et seq*.

46. Defendants willfully violated and continue to willfully violate NJ Law by failing to post notices of employees' rights to receive the proper overtime compensation. N.J.S.A. § 34:11-56(a)(21).

47. As a direct consequence of Defendants' violations of the New Jersey Law, Plaintiff suffered and continues to suffer substantial injury.

48. Plaintiff seeks damages in the amount of her unpaid overtime wages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

49. Because Defendants' violations of the NJWHL have been willful, and because Defendants failed to post the notices required by the NJWHL, the two-year statute of limitations pursuant to N.J.S.A. §34:11 56a(25), should be equitably tolled.

## THIRD CLAIM FOR RELIEF

### (Unlawful Retaliation – FLSA)

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

51. In violation of the FLSA, in response to Plaintiff's complaints about not being paid for all hours worked and/or for hours worked during lunch breaks, Defendants responded by limiting and/or eliminating her job duties and by terminating her employment.

52. Defendants' actions were retaliation against Plaintiff for complaining to Defendants and Defendants' management about Defendants' illegal pay practices and/or FLSA violations.

53. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff's statutorily protected rights.

54. As a consequence of Defendants' retaliatory actions, Plaintiff has suffered, is now suffering and will continue to suffer harm, including but not limited to lost earnings, financial loss, emotional distress, and other non-economic damages.

55. Plaintiff is entitled to all remedies available for violations of the FLSA, including lost compensation, compensatory damages, attorneys' fees and costs, and other appropriate relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, prays for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL;

(b) An award of unpaid overtime compensation, according to proof, including FLSA liquidated damages, to be paid by Defendants;

(c) An award of damages to Plaintiff for violations of the NJWHL;

(d) An award of compensatory damages and punitive damages for the illegal retaliation;

(e) An award of costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and the NJWHL;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 28, 2018  Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiff*