UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X

LORRAINE CZAP,
                  Plaintiff,

v.

CENTURY WASTE SERVICES, LLC
and MARC SAVINO,
                  Defendants.

---------------------------------------------------------X

Civil Action # 2:18-CV-04779

ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Century Waste Services, LLC and Marc Savino (herein after referred to as "Defendants"), by and through their attorney of record, Horowitz Law Group, LLC, for an Answer respectfully state as follows:

## PRELIMINARY STATEMENT

1. Defendants deny the allegation in Paragraph 1 that Plaintiff was a non-exempt employee but admit the remainder of Paragraph 1.

2. Defendants deny the allegations as contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations as contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations as contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admit the allegations as contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations as contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations as contained in Paragraph 7 of the Complaint.

## PARTIES

8. Defendants admit the allegations as contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations as contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations as contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations as contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations as contained in Paragraph 12 of the Complaint.

## FACTS

13. Defendants admit the allegations as contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations as contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations as contained in Paragraph 15 of the Complaint.

16. Defendants admit that, among other duties, plaintiff answered calls for/and dispatched drivers, took calls from Defendant's customers, acquired permits, and made calls to collect money owed to Defendants. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants deny that Plaintiff was assigned to work (9) hour shifts, but admit that Plaintiff worked Monday through Friday, from 8:00 AM until 5:00 PM.

18. Defendants admit the allegations as contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations as contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations as contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations as contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations as contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations as contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations as contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations as contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations as contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations as contained in Paragraph 27 of the Complaint.

28. Defendants admit that in August 2017, Plaintiff complained about work related matters, but Defendants deny the remaining allegations as contained in Paragraph 28 of the Complaint.

29. Defendants admit that Plaintiff's supervisors/managers told her that she could leave the office for her lunch breaks, but deny the remaining allegations as contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations as contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations as contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations as contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations as contained in Paragraph 33 of the Complaint.

34. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations as contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations as contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations as contained in Paragraph 37 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages-FLSA)

38. Defendants repeat and reallege each and every answer as stated in Paragraphs 1 through 37 as if more fully stated herein.

39. Defendants neither admit nor deny the allegations contained in Paragraph 39 of the Complaint but leaves Plaintiff to her proofs.

40. Defendant admits the allegations as contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations as contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations as contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations as contained in Paragraph 43 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages-NJWHL)

44. Defendants repeat and reallege each and every answer as stated in Paragraphs 1 through 43 as if more fully stated herein.

45. Defendants deny the allegations as contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations as contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations as contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations as contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations as contained in Paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Unlawful Retaliation-FLSA)

50. Defendants repeat and reallege each and every answer as stated in Paragraphs 1 through 49 as if more fully stated herein.

51. Defendants deny the allegations as contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations as contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations as contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations as contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations as contained in Paragraph 55 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for failure to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is collaterally estopped from asserting her claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed on the grounds of release and satisfaction, and acknowledged that she had received the correct wages based on her hours of work.

### SIXTH AFFIRMATIVE DEFENSE

Defendants reserve their right to apply for the imposition of sanctions against Plaintiff, and to apply for counsel fees and costs of suit on the basis that the Complaint is without merit, is frivolous, and has been instituted by Plaintiff in bad faith with the intent to harass Defendants, and to cause Defendants to incur great expenses in defense of same.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer and to assert additional defenses and/or supplement, alter, or change this Answer upon the revelation of more definite facts during and/or completion of further discovery and investigation.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has not suffered and losses and Defendants have not been unjustly enriched as a result of any action or inaction by Defendants or its agents.

### NINTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has been paid and/or received all wages due to her by virtue of her employment.

### TENTH AFFIRMATIVE DEFENSE

Defendants allege that all or portions of the claims set forth in the Complaint are barred by the applicable Statute of Limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff was treated fairly, and in good faith, and that all actions taken with regard to her were taken for legitimate, lawful, and non-retaliatory business reasons and in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendants allege that any violation of the New Jersey and/or Federal Law was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the New Jersey and/or Federal Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that assuming, arguendo, that Plaintiff is entitled to additional compensation, defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify any awards of penalties or fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to her prior to commencing this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint fails to properly state a claim for attorney's fees.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by virtue of the Doctrine of Latches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the Doctrine of Waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for Just Cause.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant's invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. subsection 201 et seq. (F.L.S.A.)

### TWENTIETH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable hours, i.e. "hours worked" under the FLSA.

### TWENTY FIRST AFFIRMATIVE DEFENSE

In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred because she seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

All action taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment from this court as follows:

1. Plaintiff not be awarded any recovery by this action;

2. That the Complaint be dismissed with prejudice, and that judgment be entered against Plaintiff and in favor of Defendants on each cause of action;

3. That Defendants be awarded attorney's fees and costs of suit herein to the extent permitted under applicable law; and

4. Such other and further relief as the Court deems appropriate and proper.

Dated: May 30, 2018

                                                          Respectfully submitted:

                                                          s/*Steven B. Horowitz*

                                                          Steven B. Horowitz, Esq.
                                                          HOROWITZ LAW GROUP, LLC.
                                                          49 ROUTE 202
                                                          P. O. BOX 13
                                                          FAR HILLS, NEW JERSEY 07931
                                                          (973) 789-8300 (Telephone)
                                                          (973) 789-8345 (Facsimile)
                                                          Attorneys for Defendants, Century Waste
                                                          Services, LLC and Marc Savino

STEVEN B. HOROWITZ, ESQ. (SBH-3606)
HOROWITZ LAW GROUP, LLC
49 ROUTE 202
PO BOX 13
FAR HILLS, NEW JERSEY 07931
(973)789-8300 (Telephone)
(973)789-8345 (Facsimile)
Attorneys for Defendants, Century Waste Services, LLC and Marc Savino

| | | |
|---|---|---|
| LORRAINE CZAP | X | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION# 2:18-CV-04779 |
| | : | |
| CENTURY WASTE SERVICES, LLC | : | |
| AND MARC SAVINO, | : | |
| | : | |
| Defendants. | : | **CERTIFICATE OF SERVICE** |
| | X | |

I, Steven B. Horowitz, Esq., of full age, do hereby certify as follows:

On May 30, 2018, I caused a copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint to be served upon David Harrison Esq. of Harrison, Harrison, and Associates, 110 State Highway 35, Suite #10, Red Bank, New Jersey 07701 via the Court's ECF system and regular mail.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 30, 2018

/s/*Steven B. Horowitz*
Steven B. Horowitz, Esq.