## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |  |
|---|---|---|---|
| Lorraine Czap | : | Civil Action No. | 2:18-cv-4779 (JLL)(JAD) |
| Plaintiff(s), | : |  |  |
|  | : | Hon. | Joseph Dickson |
| v. | : | JOINT DISCOVERY PLAN |  |
|  | : |  |  |
| Century Waste Services, LLC and Marc | : |  |  |
| Savino, Defendant(s). | : |  |  |

1.   Set forth a factual description of the case.   Include the causes of action and affirmative defenses asserted.         See attached page.

2.   Have settlement discussions taken place?   Yes ____x____   No _____

If so, when?   _____at 7/26/18 26(f) conf. Plaintiff's counsel made a settlement demand and produced Plaintiff's Damages Spreadsheet_____

   (a)   What was plaintiff's last demand?

      (1)   Monetary demand: $ __97,750.00____
      (2)   Non-monetary demand: _____

   (b)   What was defendant's last offer?

      (1)   Monetary offer:   $ _____
      (2)   Non-monetary offer: _____

3.   The parties [have __x__  -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1).   If not, state the reason therefor.

4.   Describe any discovery conducted other than the above disclosures.   None

5.   Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6.   The parties proposed the following:

   (a)   Discovery is needed on the following subjects:  Time and Pay Records, retaliation claims and termination and Defendant's Defenses thereto raised in their answer

   (b)   Should discovery be conducted in phases?   If so, explain. No.

   (c)   Number of Interrogatories by each party to each other party: ___25____

   (d)   Number of Depositions to be taken by each party: ___5_____

(e)    Plaintiff's expert report due on _____ .

(f)    Defendant's expert report due on __11/30_____ .

(g)    Motions to Amend or to Add Parties to be filed by __9/30/2018_____ .

(h)    Dispositive motions to be served within _30___ days of completion of discovery.

(i)    Factual discovery to be completed by _12/31/18_____ .

(j)    Expert discovery to be completed by _____ .

(k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

(l)    A pretrial conference may take place on _____

(m)    Trial by jury or non-jury Trial?   Non-Jury

(n)    Trial date: _____ .

7.    Do you anticipate any discovery problem(s)?   Yes _____ No ___x_____
        If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?   Yes _____ No __x____
      If so, explain.

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise),   appointment of a special master or other special procedure.   If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).   The Parties agree that this case should be referred to mediation and/or settlement conference.

10.    Is this case appropriate for bifurcation? Yes _____ No ____x____        Plaintiff no,  Defendant yes

11.    We [do _____ do not ____x____] consent to the trial being conducted by a Magistrate Judge.

/s/ David Harrison
_____
Plaintiff(s)

/s/ Steven B. Horowitz
_____
Defendant(s)

## PLAINTIFF'S SECTION

Plaintiff filed this case to recover unpaid overtime compensation, lost compensation and compensatory damages, and liquidated damages, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S. A. §34:11-56(a) *et. seq.* ("NJWHL").  Plaintiff was an hourly non-exempt employee who regularly worked for Defendants for forty-five (45) hours per week but whom Defendants only paid for forty (40) hours.  After she complained about Defendants' illegal pay practices, Defendants retaliated against her by taking away many of her job duties and a few months thereafter, in February 2018, fired her.

## DEFENDANT'S SECTION

Defendants deny all of the foregoing and all of the allegations against them in the Complaint and will show that all of their actions were in conformance with the FLSA and NJWHL.  Defendants' Affirmative Defenses are as follows:

1.    Plaintiff is barred from recovery for failure to state a cause of action.

2.    Plaintiff fails to state a claim upon which relief can be granted.

3.    Plaintiff has failed to mitigate her damages.

4.    Plaintiff is collaterally estopped from asserting her claim.

5.    Plaintiff's Complaint should be dismissed on the grounds of release and satisfaction, and acknowledged that she had received the correct wages based on her hours of work.

6.    Defendants reserve their right to apply for the imposition of sanctions against Plaintiff, and to apply for counsel fees and costs of suit on the basis that the Complaint is without merit, is frivolous, and has been instituted by Plaintiff in bad faith with the intent to harass Defendants, and to cause Defendants to incur great expenses in defense of same.

7.    Defendants reserve the right to amend their Answer and to assert additional defenses and/or supplement, alter, or change this Answer upon the revelation of more definite facts during and/or completion of further discovery and investigation.

8.    Defendants allege that Plaintiff has not suffered and losses and Defendants have not been unjustly enriched as a result of any action or inaction by Defendants or its agents.

9.    Defendants allege that Plaintiff has been paid and/or received all wages due to her by virtue of her employment.

10.    Defendants allege that all or portions of the claims set forth in the Complaint are barred by the applicable Statute of Limitations.

11.    Defendants allege that Plaintiff was treated fairly, and in good faith, and that all actions taken with regard to her were taken for legitimate, lawful, and non-retaliatory business reasons and in good faith.

12.    Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendants allege that any violation of the New Jersey and/or Federal Law was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the New Jersey and/or Federal Law.

13.    Defendants allege that assuming, arguendo, that Plaintiff is entitled to additional compensation, defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify any awards of penalties or fees.

14.    Defendants allege that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to her prior to commencing this action.

15.    Defendants allege that the Complaint fails to properly state a claim for attorney's fees.

16.    Plaintiff is barred from recovery by virtue of the Doctrine of Latches.

17.    Plaintiff is barred by the Doctrine of Waiver.

18.    Plaintiff was terminated for Just Cause.

19.    Defendant's invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. subsection 201 et seq. (F.L.S.A.)

20.    This action is barred to the extent Plaintiff seeks recovery for time that is not compensable hours, i.e. "hours worked" under the FLSA.

21.    In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

22.    Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

23.    Plaintiff's action is barred because she seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

24.    All action taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.